**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JUSTICE MAYES SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:25-CV-00673-JAR |
| ENTERPRISE HOLDINGS, INC. | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on three motions: (1) Defendants Enterprise Holdings, Inc. ("Enterprise") and Chrissy Taylor's motion to dismiss [ECF No. 6]; (2) Plaintiff Justice Mayes Smith's motion to strike or disregard Defendants' reply [ECF No. 16]; and (3) Plaintiff's motion for summary judgment [ECF No. 19]. For the reasons stated below, Defendants' motion to dismiss will be granted, Plaintiff's motion to strike or disregard Defendants' reply will be denied, and Plaintiff's motion for summary judgment will be denied as moot.

### Background

On November 10, 2024, Plaintiff applied for vehicle financing through Enterprise's website. An Enterprise sales consultant, Owen Early, contacted Plaintiff regarding her application. Plaintiff informed Early of her interest in a Jeep Compass, which was available on Enterprise's website [ECF No. 4 at 2].

On November 14, Plaintiff alleges she discovered that multiple unauthorized credit inquiries had been made by financial institutions without her knowledge or consent. Plaintiff contacted Early, who confirmed that the financial manager submitted Plaintiff's information to multiple lenders to start working on approvals for the Jeep Compass [*Id.*].

On November 15, just under an hour before Plaintiff's scheduled appointment to pick up the Jeep Compass, Early notified Plaintiff via text that "there is someone in here working with a consultant trying to purchase" the Jeep Compass [*Id.*]. Plaintiff claims that Enterprise's action was in retaliation after Plaintiff exercised her rights regarding the unauthorized credit inquiries and desiring to be informed in her consumer credit transaction [*Id.*].

On or about March 28, 2025, Plaintiff, proceeding pro se, filed this action against Defendants in the Associate Circuit Court of St. Louis County in Missouri [ECF No. 1 at 1]. In her complaint, Plaintiff asserts four claims against Enterprise: Count I - Violation of the Missouri Merchandising Practices Act; Count II - Violation of the Fair Credit Reporting Act; Count III - Violation of the Equal Credit Opportunity Act; and Count V - Fraudulent Misrepresentation. Plaintiff also asserts one claim against Taylor: Count IV - Failure to Implement Proper Compliance Procedures as CEO of Enterprise [ECF No. 4 at 3-4].

On May 9, Defendants removed this action to this District [ECF No. 1]. On May 16, Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted [ECF No. 6]. On May 21, Plaintiff filed a response in opposition to Defendants' motion to dismiss [ECF No. 8] as well as a request for judicial notice [ECF No. 9]. On June 2, Defendants filed a response in opposition to Plaintiff's request for judicial notice [ECF No. 13] and a reply to Plaintiff's response in opposition to Defendants' motion to dismiss [ECF No. 14]. On June 5, Plaintiff filed a notice of correction regarding legal citations [ECF No. 15] and a motion to strike or disregard Defendants' reply [ECF No. 16]. On June 18, Defendants filed a response in opposition to Plaintiff's motion to strike [ECF No. 17]. On June 24, Plaintiff filed a reply to Defendants' response in opposition to Plaintiff's motion to strike [ECF No. 18].

On July 14, Plaintiff filed a motion for summary judgment [ECF No. 19]. On July 15, the

Court ordered that Defendants' deadline to respond to Plaintiff's motion for summary judgment is stayed pending the Court's ruling on Defendants' motion to dismiss [ECF No. 20].

## Discussion

**Defendants' Motion to Dismiss**

### I. Count I - Violation of the Missouri Merchandising Practices Act

In Count I, Plaintiff claims that Enterprise violated the Missouri Merchandising Practices Act ("MMPA"), § 407.020 RSMo. Plaintiff alleges that Enterprise engaged in unfair, deceptive, and misleading business practices by failing to disclose the credit application process and retaliating against Plaintiff, thereby causing Plaintiff financial harm, credit damage, and emotional distress.

To prevail on an MMPA claim, "a plaintiff must demonstrate that she: (1) purchased merchandise (which includes services) from the defendants (2) for personal, family, or household purposes and (3) suffered an ascertainable loss of money or property (4) as a result of an act declared unlawful under section 407.020." *Edmonds v. Hough*, 344 S.W.3d 219, 223 (Mo. App. E.D. 2011). "Someone who seeks to purchase, but never receives the goods nor pays value, cannot claim to have been damaged by any unlawful practice." *Walsh v. Al W. Chrysler, Inc.*, 211 S.W.3d 673, 675 (Mo. App. S.D. 2007).

Defendants assert that because Plaintiff never actually purchased the vehicle or paid anything of value, she fails to meet the first element of an MMPA claim and Count I must be dismissed. In response,[1] Plaintiff ostensibly quotes *Hess v. Chase Manhattan Bank, USA, N.A.*,

---

[1] On the same date that Plaintiff filed her response in opposition [ECF No. 8], she also filed a request for judicial notice [ECF No. 9]. A court may take judicial notice of a fact "that is not subject to reasonable dispute" because it is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The facts and exhibits

220 S.W.3d 758, 773 (Mo. banc 2007), stating that ""[t]he MMPA is not limited to completed transactions . . . deceptive conduct designed to induce a consumer into a transaction also qualifies" [ECF No. 8 at 4]. In reply, Defendants point out that this quotation does not appear in the *Hess* decision; rather, *Hess* only echoed other courts in finding that the first element of an MMPA claim entails demonstrating that plaintiff made a purchase. 220 S.W.3d at 773.

The Court finds that Plaintiff has failed to state a claim in Count I. The supposed quotation from *Hess* does not exist, and there is no other support for Plaintiff's proposition that showing a purchase is unnecessary under the MMPA. On the contrary, Missouri courts have consistently "found that an unsuccessful attempt to purchase provides no basis for a cause of action under the MMPA." *Raster v. Ameristar Casinos, Inc.*, 280 S.W.3d 120, 130 (Mo. App. E.D. 2009). Plaintiff filed her complaint without the aid of counsel, and thus it must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Pro se plaintiffs, however, "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). As Plaintiff failed to allege any facts that she made a purchase, she cannot support a claim under the MMPA. Therefore, the Court will dismiss Count I.

## II.   Count II - Violation of the Fair Credit Reporting Act

In Count II, Plaintiff claims that Enterprise violated the Fair Credit Reporting Act ("FCRA"). Plaintiff alleges that Enterprise unlawfully accessed and shared Plaintiff's credit

---

proposed by Plaintiff do not have a proper foundation at this point of the proceedings, and the Court will not take judicial notice of them. The Court will also note that even if these facts and exhibits were judicially noticed, it would do nothing to alter the Court's decision in this case. In fact, included among the exhibits is a copy of a consent form bolstering the evidence of Plaintiff's acceptance of the credit application process [ECF No. 9-1 at 7] and thus this request would only serve to further support the Court's decision to dismiss this action.

report without a permissible purpose or explicit consent in violation of the FCRA, thereby causing Plaintiff financial harm, credit damage, and emotional distress.

"To establish a claim for unlawfully obtaining a consumer report under the FCRA, a plaintiff must demonstrate that the defendant (1) obtained or used, (2) a consumer report, (3) without a permissible purpose." *Nixon v. Enter. Car Sales Co.*, No. 4:09CV1896-DJS, 2010 WL 11583415, at *2 (E.D. Mo. Aug. 12, 2010) (citing *Phillips v. Grendahl*, 312 F.3d 357, 365-68 (8th Cir. 2002), abrogated on other grounds by *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007)). It is permissible under the FCRA "to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). The Seventh Circuit has found that "the [FCRA] does not require that consumers expressly approve each request for a report." *Stergiopoulos & Ivelisse Castro v. First Midwest Bancorp, Inc.*, 427 F.3d 1043, 1046 (7th Cir. 2005).

In their motion to dismiss, Defendants argue that Enterprise had a permissible purpose in submitting Plaintiff's information to multiple lenders after she applied for vehicle financing. *See id*. at 1047 (where "the plaintiffs' credit reports [were] only [pulled] because the plaintiffs sought financing for their new cars," the "line of causation was direct and thus the request fell within the purview of subparagraph (3)(A).").

In her response in opposition, Plaintiff alleges that Enterprise submitted inaccurate personal and financial data about Plaintiff to multiple third parties, along with credit inquiries and data reporting that Plaintiff never authorized [ECF No. 8 at 2]. Plaintiff cites *Brawner v. Allstate Indem. Co.*, 591 F.3d 984, 988 (8th Cir. 2010), stating that the decision "reaffirmed that material misstatements or omissions related to consumer transactions can support a claim for

statutory violation" [*Id*.]. Plaintiff also asserts that the Seventh Circuit's *Stergiopoulos* decision cited by Defendants is distinguishable because "[t]hat case involved consumers who signed dealership financing agreements with embedded language expressly authorizing submission to third-party lenders," whereas Plaintiff "repeatedly denied knowledge or consent and immediately requested full disclosure, which Enterprise failed to provide on several occasions" [*Id*. at 3].

Replying, Defendants contend that since Plaintiff did not allege that Enterprise submitted false or inaccurate data to any financial institution in her complaint, the Court should not consider these new allegations in deciding Defendants' motion to dismiss. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (other than in limited circumstances, courts look to allegations in complaint when ruling on 12(b)(6) motion). Defendants also demonstrate that Plaintiff distorted the *Brawner* and *Stergiopoulos* decisions. *Brawner* "addressed common law contract and insurance claims, not statutory consumer protection claims" [ECF No. 14 at 2 n.2]. And contrary to Plaintiff's assertion, "in the agreements at issue in *Stergiopoulos*, there was no clear, express authorization to share credit information with third-party lenders" [*Id*. at 2 n.3].

The Court finds that Plaintiff has failed to state a claim in Count II. Plaintiff's complaint alleges that Plaintiff applied for vehicle financing through Enterprise's website, so Plaintiff has shown that she initiated the transaction. It was only after Plaintiff applied for financing that Enterprise submitted her information to lenders. Enterprise's actions were therefore permissible because "[t]he first and most well-recognized express permissible purpose under the FCRA is where the person requesting the report 'intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished.'" *Beckford v. Clarity Services, Inc.*, No. 8:20-CV-2718-30SPF, 2021 WL 2980534, at *2 (M.D. Fla. July 13, 2021) (citing § 1681b(a)(3)(A)). *See also Stergiopoulos*, 427 F.3d at 1047 ("While it may be a

better practice for car dealers explicitly to inform their customers that unknown third-party lenders might request the customers' credit reports, we are not convinced that a failure to do so violates the FCRA as it is now written. An entity may rely on subparagraph (3)(A) only if the consumer initiates the transaction."). As Plaintiff failed to establish that Enterprise did not have a permissible purpose for pulling her credit report, she cannot support a claim under the FCRA. *Korotki v. Atty. Services Corp. Inc.*, 931 F. Supp. 1269, 1279 (D. Md. 1996) (holding that the plaintiff "bears the burden of going forward to show lack of a proper purpose" in an FCRA case). Therefore, the Court will dismiss Count II.

### III.   Count III - Violation of the Equal Credit Opportunity Act

In Count III, Plaintiff claims that Enterprise violated the Equal Credit Opportunity Act ("ECOA"). Plaintiff alleges that Plaintiff failed to provide proper disclosure regarding Plaintiff's credit application and engaged in discouragement by making the vehicle unavailable after Plaintiff exercised her rights in violation of the ECOA and its anti-discouragement provisions under Regulation B.

The ECOA prohibits creditors from discriminating against applicants for credit "(1) on the basis of race, color, religion, national origin, sex or marital status, or age," "(2) because all or part of the applicant's income derives from any public assistance program," or "(3) because the applicant has in good faith exercised any right under this chapter." 15 U.S.C. § 1691(a). Regulation B provides that "[a] creditor shall not make any oral or written statement, in advertising or otherwise, to applicants or prospective applicants that would discourage on a prohibited basis a reasonable person from making or pursuing an application." 12 C.F.R. § 1002.4(b). To establish a prima facie ECOA claim, the plaintiff must demonstrate that (1) she was a member of a protected class, (2) she applied for and was qualified for a loan with the

lender, (3) the loan was rejected despite her qualifications, and (4) the lender continued to approve loans for applicants with similar qualifications. *Rowe v. Union Planters Bank of S.E. Missouri*, 289 F.3d 533, 535 (8th Cir. 2002).

Defendants argue that Plaintiff has failed to state a claim under the ECOA because her complaint does not allege that Enterprise discriminated against her on the basis of any protected characteristic or that Enterprise treated her any differently in the financing application process compared to other consumers. In response, Plaintiff cites *Thomas v. Countrywide Home Loans, Inc.*, 2008 WL 3200646 (N.D. Ill Aug. 5, 2008), for the proposition that the "ECOA protects not only against traditional discrimination but also against 'discouragement and adverse actions' that deter consumers from pursuing or continuing credit applications in good faith" [ECF No. 8 at 5]. Plaintiff also states that in *Mathis v. Americredit Fin. Servs., Inc.*, 2010 WL 1038400 (E.D. Mo. Mar. 17, 2010), "the court found that a creditor's failure to provide required notices or explanations for adverse actions can itself constitute an ECOA violation, particularly where the consumer is left uninformed or unfairly treated in the credit process" [*Id.*]. In reply, Defendants point out that the *Thomas* and *Mathis* cases do not appear to exist[2] and reiterate that Plaintiff has not alleged sufficient facts to support an ECOA claim.

---

[2] In their reply, Defendants state that the Court should consider whether Plaintiff's erroneous citations should lead to case-terminating sanctions under Rule 11 [ECF No. 14 at 8]. The Court acknowledges that the *Thomas* and *Mathis* cases as presented by Plaintiff do not exist. Moreover, the purported quotations put forward by Plaintiff as appearing in *Yang v. Government Employees Ins. Co.*, 146 F.3d 1320 (11th Cir. 1998), *Safeco Ins. Co. of Am.*, and *Hess* do not in fact appear in those decisions. Taking into consideration Plaintiff's pro se status and the notice of correction regarding legal citations that she submitted to the Court [ECF No. 15], the Court will afford Plaintiff some latitude and will not impose sanctions in this case. However, the Court urges Plaintiff to verify all sources before submitting any future court filings, for it is a serious violation to "attempt to persuade a court or oppose an adversary by relying on fake opinions" and is indeed "an abuse of the adversary system." *Mata v. Avianca, Inc.*, 678 F.Supp.3d 443, 461 (S.D.N.Y. 2023).

The Court finds that Plaintiff has failed to state a claim in Count III. Plaintiff did not plead any facts demonstrating that she is a member of a protected class or that Enterprise continued to approve loans for applicants with similar qualifications. Thus, Plaintiff cannot establish a prima facie ECOA claim. Plaintiff's citations to the non-existent *Thomas* and *Mathis* cases further illustrate that her claim in Count III lacks any basis under the ECOA. Furthermore, the Court finds that Early's text to Plaintiff that "there is someone in here working with a consultant trying to purchase" [ECF No. 4 at 2] the Jeep Compass does not contravene Regulation B's prohibition against statements "that would discourage on a prohibited basis a reasonable person from making or pursuing an application." 12 C.F.R. § 1002.4(b). Plaintiff has not alleged that Enterprise discouraged her from applying for credit because of her protected traits, and there is no other evidence that the text discouraged Plaintiff on a prohibited basis. Accordingly, Plaintiff has not plausibly alleged a claim under the ECOA or Regulation B. *See, e.g.*, *Ripley v. Pentagon Fed. Credit Union*, No. CV DLB-23-2617, 2024 WL 3690785, at *4 (D. Md. Aug. 7, 2024). *See also Consumer Fin. Protec. Bureau v. Townstone Fin., Inc.*, 107 F.4th 768, 775 (7th Cir. 2024) (noting that Regulation B prohibits discouragement on a "prohibited basis," defined as "race, color, religion, national origin, sex, marital status, or age.") (citing 42 Fed. Reg. 1242, 1253–54 (Jan. 6, 1977)). Therefore, the Court will dismiss Count III.

### IV. Count IV - Failure to Implement Proper Compliance Procedures

In Count IV, Plaintiff claims that Taylor, as CEO of Enterprise, failed to implement and enforce adequate compliance and training procedures to prevent unauthorized credit inquiries and deceptive sales practices, thereby causing Plaintiff financial harm, credit damage, and emotional distress.

The Court need not reach the parties' respective arguments related to vicarious or

*respondeat superior* liability with regard to Taylor. Rather, the Court finds that Plaintiff has failed to state a claim in Count IV because the complaint does not contain sufficient factual content to allow the Court to draw any reasonable inference that Taylor is liable for the conduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Plaintiff's allegations that Taylor failed to implement and enforce adequate training procedures are "mere conclusory statements" that have no factual support in the complaint. *Id*. It is not necessary for a complaint to contain "detailed factual allegations," but "labels and conclusions" are inadequate. *Bell A. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The allegations against Taylor are no more than labels and conclusions, as there are no facts in the complaint concerning Taylor's alleged failure to properly train beyond the conclusory statements that Taylor is responsible for and neglected to oversee corporate compliance. Plaintiff has not plausibly alleged that Taylor failed to implement proper compliance procedures. Therefore, the Court will dismiss Count IV.

## V.   Count V - Fraudulent Misrepresentation

In Count V, Plaintiff claims that Enterprise engaged in fraudulent misrepresentation, as it knowingly misrepresented the terms and conditions of the credit application process and concealed material facts, thereby causing Plaintiff financial and emotional harm.

A plaintiff must prove the following elements to recover for fraudulent misrepresentation:

> (1) a false material representation; (2) the speaker's knowledge of the falsity of the representation, or ignorance of its truth; (3) the speaker's intent that the hearer act upon the misrepresentation in a manner reasonably contemplated; (4) the hearer's ignorance of the falsity of the misrepresentation; (5) the hearer's reliance on the truth of the representation; (6) the hearer's right to rely thereon; and (7) the hearer's consequent and proximately caused damage.

*Midwest Bankcentre v. Old Republic Title Co. of St. Louis*, 247 S.W.3d 116, 129 (Mo. App. E.D. 2008).

The Court finds that Plaintiff has failed to state a claim in Count V. Specifically, Plaintiff did not meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires a party to state with particularity the circumstances constituting alleged fraud. The factual allegations in Plaintiff's complaint focus on the alleged lack of informed consent with respect to the credit applications with multiple lenders, rather than any false material representation. The further allegations in Count V only include the bare elements of a fraud claim without additional factual support concerning the circumstances of how Enterprise "knowingly misrepresented the terms and conditions of the credit application process and concealed material facts" [ECF No. 4 at 2]. Plaintiff has thus failed to allege with particularity the circumstances constituting fraud, which must include "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001). Plaintiff has not plausibly alleged fraudulent misrepresentation. Therefore, the Court will dismiss Count V.

### Plaintiff's Motion to Strike

On June 5, 2025, Plaintiff filed a motion to strike or disregard Defendants' reply for improperly expanding the scope of their motion to dismiss [ECF No. 16]. Plaintiff asserts that Defendants' reply impermissibly presents new arguments and factual disputes not contained in their motion to dismiss, as Defendants identified erroneous citations and quotations in Plaintiff's response in opposition and requested consideration of Rule 11 sanctions. In response to the motion to strike, Defendants point out that these arguments could not have been raised in their motion to dismiss because they relate to Plaintiff's subsequent response in opposition, and they dispute that they raised any new factual disputes in their reply.

The Court will deny Plaintiff's motion to strike. Defendants did not expand the scope of their motion to dismiss by referencing Plaintiff's erroneous citations. Attacking the opposing party's arguments and interpretations of caselaw is typical and permissible in a reply brief, and by extension it is acceptable to identify a party's false citations in the same. In any event, "motions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted." *Stanbury L. Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal citations and alterations omitted). Therefore, the Court will deny Plaintiff's motion to strike.

### Plaintiff's Motion for Summary Judgment

The Court has found that Plaintiff's complaint fails to state a claim upon which relief can be granted and must be dismissed. Consequently, Plaintiff's motion for summary judgment will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss [ECF No. 6] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike or disregard Defendants' reply [ECF No. 16] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [ECF No. 19] is **DENIED as moot**.

**IT IS FINALLY ORDERED** that this action is dismissed without prejudice.

A separate Judgment will accompany this Memorandum and Order.

Dated this 22nd day of September, 2025.

                                           **JOHN A. ROSS**
                                           **UNITED STATES DISTRICT JUDGE**